IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:25-00165

RODERICK TYRONE BOYD

### AMENDED MEMORANDUM OPINION AND ORDER[1]

Pending before the court is defendant's motion to revoke the magistrate judge's detention order.  See ECF No. 22.  For the reasons expressed below, that motion is **DENIED.**

### Background

On September 26, 2025, Boyd was charged in a two-count indictment with distribution of fentanyl and/or aiding and abetting same, in violation of 21 U.S.C. § 841(a)(1).  United States Magistrate Judge Dwane L. Tinsley conducted a detention hearing and, at the conclusion of that hearing, ordered defendant detained pending trial.  See ECF No. 22-1 at 22; see also Order of Detention Pending Trial (ECF No. 18).  The Magistrate Judge found that defendant had not rebutted the presumption of detention.  See ECF No. 18 at 2. Magistrate Judge Tinsley further found "by a preponderance of the evidence that [Boyd] does pose a risk of non-appearance and [ ] by clear and

---

[1] This Order is entered to correct an error in the first paragraph of the Memorandum Opinion and Order entered on February 19, 2026.  See ECF No. 39.  The earlier order states that it was the government's motion challenging the detention decision below when, in fact, it was defendant's motion.

convincing evidence that the defendant does pose a danger to

others in the community."  ECF No. 22-1 at 22; see also ECF No.

18 at 3.

In explaining his decision, Magistrate Judge Tinsley

stated:

> Well, the Court has considered the proffers and arguments of counsel.  And more importantly, the Court has considered the factors pursuant to Title 18 United States Code Section 3142(g).  And in looking at those factors, the Court makes the following findings:  This defendant is charged in Count One of the indictment with aiding and abetting the distribution of a quantity of fentanyl, a Schedule II controlled substance; and distribution of fentanyl, a Schedule II controlled substance in Count Two.  These offenses are 10 year or more controlled substances offenses pursuant to statute.
>
> In looking at the history and characteristics of this defendant, the defendant is 30 years of age and was born in Dayton, Ohio.  He has lived in the Dayton, Ohio area his entire life.  He completed the 11th grade in high school and obtained a GED while incarcerated in the Ohio Division of Corrections.
>
> The defendant is currently unemployed, even though counsel indicates he may be able to go back to that job. But he does not appear to have any income or assets as reported in the Pretrial Services Report.
>
> He does not have any significant family ties or community ties to the Southern District of West Virginia.
>
> In reviewing his criminal history, his criminal history dates back to when he was 18 years of age.  At age 18, he was found guilty of criminal trespass in Miamisburg, in Municipal Court in Miamisburg, Ohio, in 2014.  And drug abuse/less than 100 grams in Dayton

Municipal Court in Dayton, Ohio in 2014.  Both of these convictions appear to be misdemeanors.

The Court would note in addition to both of these charges in these cases, warrants were issued on three occasions for the defendant for failure to appear. And the defendant also has a history of several motor vehicle infractions in the Southern District of Ohio.

At age 19, he was found guilty of burglary in Montgomery County Common Pleas Court in Dayton, Ohio, in 2015.  This offense appears to be a felony offense. Also in 2014, at age 19, he was convicted of petty larceny in Moraine Mayors Court in Moraine, Ohio, and attempted domestic violence in Miamisburg Municipal Court in Miamisburg, Ohio.  Both convictions appear to be misdemeanor offenses.

In 2018, he was found guilty of failure to comply with order and/or signal of police officers, serious physical harm/substantial risk, in Montgomery County Common Pleas Court in Dayton, Ohio, which appears to be a felony.  And in 2024, he was found guilty of reckless operation and speeding, which appear[] to be misdemeanor offenses in Butler County Area III Court in West Chester, Ohio.

So the Court has considered all of those matters. The Court has also considered the proffers and arguments of counsel.  And in so doing, the Court finds by a preponderance of the evidence that this defendant does pose a risk of non-appearance and finds by clear and convincing evidence that the defendant does pose a danger to others in the community.

Therefore, no conditions or combination of conditions exist that would reasonably assure his release.

ECF No. 22-1 at 19-22.

Thereafter, defendant filed a motion for revocation of the magistrate judge's detention order, pursuant to 18 U.S.C. §

3

3145(a).  He argues that "given his longstanding ties in Dayton, Ohio, he could be released on bond to the third party custody of his partner, Rhapsodi Oliver, return to his employment with Dmax, and have his activities supervised by the United States Probation Office for the Southern District of Ohio."  ECF No. 29 at 2.[2]  The government continues to argue for detention. Defendant has since pled guilty to both counts of the indictment.

**<u>Analysis</u>**

Pursuant to 18 U.S.C. § 3145(b), "[a] defendant ordered detained by a magistrate may seek de novo review in the district court."  <u>United States v. Clark</u>, 865 F.2d 1433, 1436 (4th Cir. 1989).  "'When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release.'"  <u>United States v. Terry</u>, CRIMINAL ACTION NO. 5:24-cr-00059, 2024 WL 3849772, at *1 (S.D.W. Va. Aug. 16, 2024) (Volk, J.) (quoting <u>United States v. Stewart</u>, 19 F. App'x 46, 48 (4th Cir. 2001) (per curium) (unpublished)).

---

[2] The motion itself contains a typographical error listing the wrong partner and the wrong location.  <u>See</u> ECF No. 22 at 1 (asking for release to third-party custodian Chavon Green at their residence in Huntington, West Virginia).

A defendant may be detained only if the government shows, by clear and convincing evidence, that no release condition or set of conditions will reasonably assure the safety of the community and/or the government shows, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance.  18 U.S.C. § 3142(e), (f) and (g).  In certain cases, such as drug crimes "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" there is "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community ."  18 U.S.C. § 3142(e)(2) and (f)(1)(C).

"In a presumption case such as this, a defendant bears a limited burden of production - not a burden of persuasion - to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a flight risk." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court."  Id.

5

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual.  18 U.S.C. § 3142(g).

Defendant's main argument in support of release is that the magistrate judge erred in finding that he did not have "significant family or other ties to the community."  ECF No. 18 at 3.  According to defendant, Magistrate Judge Tinsley viewed the term "community" too narrowly.  Relying on United States v. Townsend, 897 F.2d 989 (9th Cir. 1990), defendant argues that "community ties" embraces not only the community in which charges are brought but also any community to which a defendant has ties.  In this case, although defendant does not have ties to the Southern District of West Virginia, defendant maintains that he has shown that he has significant ties to Dayton, Ohio.

The court having taken into account the entirety of the evidence of record, the Pretrial Services Report, the arguments of counsel (both oral and written), and the statutory

6

presumption in favor of detention, **FINDS** by clear and convincing evidence that defendant is a danger to the community and further **FINDS** by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community. Even if defendant has rebutted the presumption based upon his community ties to the Dayton, Ohio area,[3] the § 3142(g) factors do not support release.[4]

Specifically, the court finds that the nature and circumstances of the offense charged support defendant's continued detention because he is charged with two serious drug offenses carrying statutory maximum sentences of twenty (20) years for each, for total sentencing exposure of forty (40)

---

[3] The "'presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" United States v. Uribe, Case No. 3:21-cr-2-4, 2021 WL 1143289, at *2 (W.D. Va. Mar. 25, 2021) (quoting United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008)).

[4] A defendant's lack of ties to the community where charges are pending is still relevant to the court's decision on release. See United States v. Sanders, Criminal No. 19-354, 2021 WL 1627773, at *4 (W.D. Pa. Apr. 27, 2021) ("The court may consider a defendant's ties to the district in which the case is pending."); United States v. Villegas, No. 3:11-CR-28, 2011 WL 1135018, at *7 (E.D. Tenn. Mar. 25, 2011) ("[A]lthough the defendant has ties with the community in which he lives in California, the defendant has no ties with this District, and the Court may consider this fact.").

7

years.  Significantly, the instant offenses were committed while defendant was on release pending trial for drug charges in Lewis County Circuit Court in Weston, West Virginia.  See 18 U.S.C. § 3142(g)(3)(B) (directing the court to consider "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,. . . .").

The weight of the evidence likewise weighs against releasing defendant as he has pled guilty.  See Terry, 2024 WL 3849772, at *3 ("Second, respecting the weight of the evidence, the same is obviously strong inasmuch as Mr. Terry has pled guilty to the offense.").

Concerning the history and characteristics of the defendant, the court finds that although certain aspects support the defendant's release, i.e., he has significant ties to Dayton, Ohio and a job if released, on the whole, his history and characteristics support detention.  First, defendant has a significant criminal history given his age.  The pretrial services report lays out a lengthy list of crimes beginning at age 18 and continuing to the present day. Notably, that criminal history includes numerous instances of failure to appear.  While defendant attempts to minimize those nonappearances due to his

8

young age at the time, they are still significant indicators that he presents a risk of nonappearance in this case.

Defendant also argues that his relationship with Ms. Oliver, his newborn daughter, and employment prospects weigh in favor of release.  However, defendant's involvement with Ms. Oliver and his employment predated his commission of the offenses in this case. His daughter was born in August of 2025, but his crimes were committed in March and April of 2025.  The court does not see how his relationships and employment would deter defendant from further criminal activity when they did not do so in the first place.  Furthermore, the court has serious reservations about Ms. Oliver's ability to serve as a third-party custodian for defendant given that she is balancing employment and a newborn.[5]

As for the nature and seriousness of Boyd's danger to the community, the drug Boyd was distributing was fentanyl, an extremely dangerous drug.  "Safety of the community is implicated not only by violence, but also by narcotics trafficking."  Sanders, 2021 WL 1627773, at *6.  There are frankly no conditions that could completely cut off defendant's

---

[5] As the court was preparing to file this order, counsel for defendant provided a letter from Ms. Oliver to the court.  The court understands Ms. Oliver's desire to have defendant released and is sympathetic to the impact of defendant's incarceration on

9

ability to sell drugs.  As noted above, he committed these crimes while on bond for other drug crimes. Furthermore, his criminal history does include some crimes which have elements of violence, including convictions for attempted domestic violence and failure to comply with Order and/or Signal of Police Officer (Serious Physical Harm/Substantial Risk).

For all these reasons, the court hereby **DENIES** defendant's motion to revoke the detention order.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

It is SO ORDERED this 17th day of June, 2026.

ENTER:

David A. Faber
Senior United States District Judge

---

his family. However, consideration of the 3142(g) factors still weighs in favor of defendant's detention pending trial.